UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KELLY JONES STEMEYE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:23-CV-360-KAC-DCP |
| | ) | 3:21-CR-124-KAC-DCP |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

The Court sentenced Petitioner Kelly Jones Stemeye to 183 months' imprisonment for possessing and distributing child pornography [Doc. 45].[1] Petitioner did not file a direct appeal. Thereafter, she filed a pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [Doc. 49; 3:23-CV-360, Doc. 1]. The Court previously denied portions of Petitioner's Motion and required the United States to respond to three claims [*See* 3:23-CV-360, Doc. 6]. For the reasons below, the Court **REFERS** a limited portion of Petitioner's second claim to United States Magistrate Judge Debra C. Poplin to conduct a hearing and file proposed findings of fact and recommendations for disposition. *See Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 8(b). In addition, Magistrate Judge Poplin **SHALL** appoint counsel to represent Petitioner at that hearing. The Court **DENIES** the remaining claims in Petitioner's Motion.

**I.     Factual Background**

A grand jury indicted Petitioner for distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count One); possessing with intent to view child pornography, in violation

---

[1] Unless otherwise noted, all citations are to Petitioner's criminal action, Case Number 3:21-CR-124-KAC-DCP.

of 2252A(a)(5)(B) (Count Three); and an additional related count (Count Two) [*See* Doc. 2]. Petitioner entered a plea agreement with the United States, agreeing to plead guilty to Counts One and Three [*See* Doc. 22 at 1]. On April 22, 2022, Petitioner pled guilty to those Counts before the undersigned [*See* Doc. 24]. The Court placed Petitioner under oath, assessed Petitioner's appearance and responsiveness to the questions asked, and ultimately concluded that Petitioner offered to plead guilty knowingly and voluntarily [*See id.*]. Therefore, the Court accepted Petitioner's guilty plea.

The initial Presentence Investigation Report (PSR) applied several enhancements under the United States Sentencing Guidelines based on the characteristics of Petitioner's offense [*See* Doc. 26 at 10, *sealed]. Petitioner's counsel filed a "Notice of Objections," objecting to, among other things, the Report's application of the "Victim Related Adjustment" under U.S.S.G § 3A1.1(b)(1) [Doc. 30 at 2-3, *sealed]. The United States Probation Office issued a Revised PSR [Doc. 38, *sealed] that amended some aspects of the Initial PSR but maintained the Section 3A1.1(b)(1) adjustment [*See* Doc. 37; Doc. 38 at 10, *sealed].

At Petitioner's sentencing hearing, her counsel objected to the Revised PSR, and the Court heard argument [*See* Doc. 44]. The Court overruled the objection, applied the Section 3A1.1(b)(1) adjustment, and adopted the Revised PSR [Doc. 46 at 1, *sealed]. The Court ultimately sentenced Petitioner to 183 months' imprisonment, below her advisory guideline range [*See* Docs. 45, 46]. Petitioner did not file a direct appeal.

Petitioner timely filed the instant Section 2255 Motion, raising five (5) claims [*See* Doc. 49 at 4-9; 3:23-CV-360, Doc. 1 at 4-9]. Because it "plainly appear[ed] from the motion and the record" that two (2) of those claims do not warrant relief, the Court denied the Petition in part [3:23-CV-360, Doc. 6]. Three of Petitioner's claims remain: Petitioner's claim that (1) counsel

2

"failed to negotiate a reasonable plea or attack the enhancements" or "address the disparity in Petitioner's sentence at all," (2) counsel failed to appeal her sentence, and (3) counsel generally provided inadequate assistance [*See* Doc. 6 at 3-4, 6 (citations omitted)].

The United States filed a Response, asserting that Petitioner "has not shown that counsel was ineffective with respect to the guilty plea," or generally "at sentencing" [3:23-CV-360, Doc. 10 at 3-4].  The United States further argues that Petitioner's claim that counsel failed to pursue an appeal is "factually unsupported" because Petitioner "has not shown that she specifically instructed" counsel "to file an appeal after he warned her about . . . the possibility of a longer sentence" [*Id.* at 5-6].  Alternatively, the United States recommends "an evidentiary hearing to determine if [Petitioner] in fact expressed the desire for an appeal" [*Id.* at 7 (quotation omitted)].

## II.  Legal Standard

To obtain post-conviction relief under Section 2255, Petitioner bears the burden to show: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *See Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2004); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).  A successful Section 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  *See Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

The Rules Governing Section 2255 Proceedings in the United States District Courts provide the procedure for the Court's evaluation of a Section 2255 petition.  Rule 2(b) of the Rules requires a Section 2255 petition to "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground."  *Rules Governing Section 2255 Proceedings in the*

3

*United States District Courts* Rule 2(b). Under Rule 8, the Court determines whether an evidentiary hearing is required. *Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 8. If the petitioner presents a factual dispute that is not inherently incredible, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *See Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine*, 488 F.3d at 333); *see also Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012). But the Court need not hold a hearing "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "Conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255." *Gabrion v. United States*, 43 F.4th 569, 578 (6th Cir. 2022) (cleaned up).

### III. <u>Analysis</u>

The Sixth Amendment guarantees "effective assistance" of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) (interpreting U.S. Const. amend. VI). To succeed on an ineffective assistance of counsel claim, Petitioner "must establish two things." *See Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019) (quotation omitted). **First**, that her counsel's performance was deficient—falling "below prevailing professional norms." *See id.* (cleaned up). This showing requires Petitioner to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *See Strickland*, 466 U.S. at 690. The Court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of

4

reasonable professional assistance" and reviews counsel's conduct "in light of the information known [to counsel] at the time of the decisions, not in hindsight." *Id.* at 680, 689.

**Second**, Petitioner must show that counsel's purportedly deficient performance actually "prejudiced" her criminal case. *See id.* at 687. More specifically, she has the obligation to show by a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See, e.g.*, *Mix v. Brown*, No. 21-1623, 2022 WL 11367765, at *3 (6th Cir. April 19, 2022) (citing *Strickland*, 466 U.S. at 688, 694).

### A. Petitioner's First and Third Remaining Claims Fail.

Petitioner first argues that counsel "failed to negotiate a reasonable plea or attack the enhancements" or "address the disparity in Petitioner's sentence at all" [3:23-CV-360, Doc. 6 at 4 (citation omitted)]. As the claim relates to the alleged failure "to negotiation a reasonable plea," when a defendant knowingly and voluntarily enters a guilty plea, as Petitioner did here, [*see* Doc. 24], she "waive[s]" "[c]laims of pre-plea ineffective assistance not relating to the acceptance of the plea," *see, e.g.*, *Rose v. Warden Chillicothe Corr. Inst.*, No. 18-3997, 2019 WL 5260158, at *3-4 (6th Cir. July 17, 2019) (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)); *see also United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007) (recognizing that after pleading guilty, a defendant "may only attack the voluntary and intelligent character of the guilty plea" (quotations omitted)). Because Petitioner has not raised an issue regarding the knowing and voluntary nature of her guilty plea, she has waived any claim regarding pre-plea ineffective assistance of counsel.

As the claim relates to an "attack" on "enhancements" and "address[ing] the disparity in Petitioner's sentence," it fails too. Petitioner's assertion regarding unspecified "enhancements" is too vague to overcome the "strong presumption" that counsel acted reasonably in this regard at sentencing. *See Gabrion*, 43 F.4th at 578 (quoting *Jefferson v. United States*, 730 F.3d 537, 547

5

(6th Cir. 2013)). Petitioner's assertion that counsel failed to raise a sentencing "disparity" is similarly flawed. Factually, Petitioner argues that counsel "failed to argue" a disparity "between her sentence and her codefendant[']s sentence" [Doc. 49 at 8]. But Petitioner did not have a codefendant in her criminal case [*See* Doc. 2]. And legally, Petitioner does not set forth facts showing that counsel's purported failure to raise any "disparity" rendered his performance deficient or prejudiced her case. *See Strickland Id.* at 680, 687-89.

Petitioner third argues that trial counsel generally provided inadequate assistance [*See* 3:23-CV-360, Doc. 6 at 4]. This "catch-all" claim without any further factual development is wholly conclusory and does not warrant relief. *See Jimenez v. United States*, No. 21-5201, 2022 WL 2610337, at *3 n.3 (6th Cir. July 8, 2022) (noting that the rule requiring Court's to liberally construe a 2255 petition "does not abrogate basic pleading essentials" (cleaned up)); *Gabrion*, 43 F.4th at 578 ("conclusory allegations . . . are insufficient"). Therefore, the Court denies Petitioner's first and third remaining claims.

### B. Petitioner's Second Remaining Claim Warrants An Evidentiary Hearing.

In her second claim, Petitioner states under penalty of perjury that at some time "[a]fter sentencing," she "voiced her desire to direct appeal her sentence" but counsel "didn't put in the appeal she said she wanted" [Doc. 49 at 5, 12]. "[A]n attorney performs deficiently if, after consulting with his client, he 'disregards specific [timely] instructions' from his client 'to file a notice of appeal.'" *See Pola v. United States*, 778 F.3d 525, 533 (6th Cir. 2015) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). A petitioner may then be able to demonstrate "prejudice" if "there is a reasonable probability that, but for counsel's deficient failure," the petitioner "would have timely appealed." *Flores-Ortega*, 528 U.S. at 483-84.

Here, Petitioner swore under penalty of perjury that at some time "[a]fter sentencing," she directed counsel to file a notice of appeal and counsel failed to do so [*See* Doc. 49 at 5, 12]. This presents a "factual narrative of events that is neither contradicted by the record nor inherently incredible." *See Pola*, 778 F.3d at 532-33 (citations and quotations omitted). If Petitioner timely requested that counsel file an appeal, and counsel "disregard[ed]" that instruction, she may be entitled to relief. *See id* at 533. An evidentiary hearing is necessary for the Court to assess whether Petitioner "in fact expressed the desire for an appeal as [s]he now asserts," *see Campbell*, 686 F.3d at 360, and whether she did so timely. Accordingly, the Court **REFERS** this limited portion of Petitioner's second claim to Magistrate Judge Poplin, for an evidentiary hearing to determine whether Petitioner timely instructed her counsel to appeal.

## IV. Conclusion

For the reasons above, the Court **DENIES** Petitioner's first and third remaining claims. And the Court **REFERS** a limited portion of Petitioner's second claim to Magistrate Judge Poplin to conduct a hearing and file proposed findings of fact and recommendations for disposition. *See Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 8(b). Because "an evidentiary hearing is warranted," Petitioner is entitled to counsel. *See Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 8(c). Accordingly, Judge Poplin **SHALL** appoint counsel to represent Petitioner at the hearing.

SO ORDERED.

                                                                                                       KATHERINE A. CRYTZER
                                                                                                         United States District Judge